Page Ann McINCROW,
Plaintiff–Appellant,

v.

HARRIS COUNTY, et al., Defendants,

Metropolitan Transit Authority,
Defendant–Appellee.

No. 88–6056
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 28, 1989.

Page Ann McIncrow, Houston, Tex., pro se.

Paula J. Alexander, Houston, Tex., for defendant-appellee.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

Appellant Page Ann McIncrow (McIncrow) sued Harris County, Texas, the City of Houston, and Houston's Metropolitan Transit Authority (Metro) for discrimination based on age, race, and sex. McIncrow alleged that because of her characteristics, Metro refused to hire her in 1981, 1982, and 1985. Metro filed a motion for summary judgment and McIncrow responded. After hearing argument on the motion, the district court granted Metro summary judgment. McIncrow timely appealed.

In its summary judgment motion, Metro noted that McIncrow failed to state under which legal theory she was proceeding. Assuming McIncrow was suing under Title VII, Metro contended that 1) McIncrow's failure to obtain a right-to-sue letter precluded the district court from addressing all of her claims, *See* 42 U.S.C. § 2000e–5(b), (f)(1); 2) her claims of discrimination in 1981 and 1982 were time-barred by Title VII; and 3) laches precluded her claims of discrimination in 1981 and 1982. Assuming McIncrow was suing under the Age Discrimination Act, 29 U.S.C. § 621 *et seq.*, Metro argued 1) that McIncrow's failure to obtain a right-to-sue letter precluded the district court from addressing all of her claims, *see* 29 U.S.C. § 626(d); and 2) laches precluded her claims of discrimination occurring in 1981 and 1982. Assuming that McIncrow was suing under 42 U.S.C. § 1981, Metro argued that 1) her claims of discrimination occurring in 1981 and 1982 were barred by a) the applicable statute of limitations, and b) laches; 2) section 1981 provided no remedy for alleged age and sex discrimination; and 3) McIncrow could not show adequately the requisite discrimination. The district court granted summary judgment for Metro without stating its reasons for doing so.

"Although nothing in Fed.R.Civ.P. 56, governing summary judgment, technically requires a statement of reasons by a trial judge for granting a motion for summary judgment, we have many times emphasized

the importance of a detailed discussion by the trial judge." *Heller v. Namer,* 666 F.2d 905, 911 (5th Cir.1982) (footnote omitted.) "When, [however], we have no notion of the basis for a district court's decision, because its reasoning is vague or simply left unsaid, there is little opportunity for effective review. In such cases, we have not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons." *Myers v. Gulf Oil Corp.,* 731 F.2d 281, 284 (5th Cir.1984) (footnotes omitted).

In this case McIncrow asserted three instances of discrimination, possibly under three different statutory schemes. Metro offered nine arguments in support of its motion for summary judgment. The district court granted Metro's motion for summary judgment without stating its reasons for doing so. Under these circumstances we are unable to review the district court's decision in an effective manner. Therefore, the order of the district court is VACATED and the case is REMANDED to permit the district court to state the reasons for its decision.