IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50736

_____


JESUS G. MUNOZ; MANUAL MUNOZ, JR.,

Plaintiffs-Appellants,

v.

VERNE ORR; ET AL.,

Defendants,

SHEILA E. WIDNALL, Secretary of the
United States Department of the Air Force,

Defendant-Appellee.


---------------------------------
Appeal from the United States District Court
for the Western District of Texas
(SA-85-CV-2991)
---------------------------------
October 7, 1998

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The plaintiffs in a Title VII class action filed on behalf of

Hispanic male civilian employees at the Kelly Air Force Base in San

Antonio appeal a summary judgment order dismissing all of their

claims. Based upon the district court's failure to state its

reasons for granting summary judgment, we remand to the district

court for the limited purpose of explaining the rationale for its

decision.

_____

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This suit, now almost thirteen years old, involves a complex statistical claim alleging that facially neutral Air Force employment procedures illegally disfavor the promotion of Hispanic males in civilian positions. The appellants have relied almost exclusively upon testimony and reports by a single expert, Dr. George Benz, to support their claim. The Air Force has sought to discredit Dr. Benz's analysis by challenging its reliability and countering it with statistical evidence from other experts.

After the close of discovery, the Air Force moved for summary judgment on all of the appellants' claims, providing three bases upon which its motion could be granted. First, the Air Force argued that the court should rule the evidence from Dr. Benz inadequate to support a prima facie case of discrimination and thus find there was no genuine issue as to a material fact to take to trial. Second, the Air Force argued that the court should exclude the evidence from Dr. Benz as inadmissible under the reliability standards articulated in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), leaving the appellants without any evidence in support of their claim. Third, the Air Force argued that the district court should, relying upon dicta in earlier decisions of this court that have suggested the possibility of a different summary judgment standard in nonjury cases, grant summary judgment based upon its own factual finding that Dr. Benz's testimony would not be convincing at trial. In its order dated July 28, 1997, the district court granted the Air Force's motion without providing any discussion of which of these three reasons,

2

or any other reasons, it had adopted in reaching its decision.

Although Fed.R.Civ.P. 56 does not expressly require that a grant of summary judgment be supported with a statement of reasons, the district court's failure to provide any reasons leaves us "unable to perform our coordinate role of reviewing the decision of the district court because we cannot tell whether the court properly evaluated all of the potentially relevant evidence." Wildbur v. Arco Chemical Co., 974 F.2d 631, 645 (5th Cir. 1992). "'When . . . we have no basis for a district court's decision, because its reasoning is vague or simply left unsaid, there is little opportunity for effective review.  In such cases, we have not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons.'" McInrow v. Harris County, 878 F.2d 835, 836 (5th Cir. 1989) (quoting Myers v. Gulf Oil Corp., 731 F.2d 281, 284 (5th Cir. 1984)); see also Davis v. Bayless, 70 F.3d 367, 376 (5th Cir. 1995) ("[W]e have required that the district court explain its reasons in sufficient detail to allow this Court to determine whether the district court applied the proper legal rule.").

The Air Force argues that we need not remand to the district court in this instance because it was "utterly apparent" from the context of the ruling that the basis for the district court's order was the exclusion of Dr. Benz's testimony.  Because we have absolutely no indication from the district court that it intended to exclude Dr. Benz's testimony and because it was only one of the possible grounds for summary judgment proffered by the Air Force in

its brief, we do not find the district court's reasoning so apparent.

For the foregoing reasons, we retain jurisdiction over this case but make a limited remand to the district court for the sole purpose of providing us with a statement of reasons for its grant of summary judgment. Upon being provided with those reasons, we will consider any requests by the parties to file supplemental briefs addressing any aspect of those reasons not already addressed in their earlier briefs to this court.

REMANDED.