**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-60515**
**Summary Calendar**

_____

**DAVID A. HAMMOND,**

**Plaintiff-Appellant,**

**versus**

**COLEMAN COMPANY, The Coleman Company, Inc.,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**(2:98-CV-123-PG)**

_____

February 1, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

David A. Hammond appeals the summary judgment dismissing his product liability action against The Coleman Company, Inc., in which he claimed, *inter alia*, that, as a result of a manufacturing defect, he sustained injuries resulting from the explosion of a lantern manufactured by Coleman. Hammond contends that the district court reversibly erred by excluding the opinion of his expert witness and by granting summary judgment for Coleman. *See Hammond v. Coleman Co., Inc.*, 61 F. Supp. 2d 533 (S.D. Miss. 1999).

At the outset, we reject Hammond's contention that, for expert testimony evidentiary rulings concerning a summary judgment motion,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the *de novo* standard of review for such judgments supercedes the abuse of discretion standard of review for rulings under FED. R. EVID. 702. It is well-settled that exclusion of expert testimony under that Rule is reviewed *only* for an abuse of discretion. *See, e.g.*, **Boyd v. State Farm Ins. Cos.**, 158 F.3d 326, 331 (5th Cir. 1998) ("With respect to expert testimony offered in the summary judgment context, the trial court has broad discretion to rule on the admissibility of the expert's evidence and its *ruling must be sustained unless manifestly erroneous*") (emphasis added), *cert. denied*, ___ U.S. ___, 119 S. Ct. 1357 (1999).

Only after the evidence properly in the summary judgment record is defined do we conduct our *de novo* review. *See* **Munoz v. Orr**, ___ F.3d ___, ___, 2000 WL 6156, at *4 (5th Cir. 2000) ("We ... review the district court's exclusion of plaintiffs' expert's evidence ... for abuse of discretion, and then review de novo the grant of summary judgment based on the evidence properly before the district court"); **Skotak v. Tenneco Resins, Inc.**, 953 F.2d 909, 916 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). For that *de novo* review, the summary judgment record is viewed in the light most favorable to the non-movant. *E.g.*, **Wenner v. Texas Lottery Comm'n**, 123 F.3d 321, 324 (5th Cir. 1997), *cert. denied*, 523 U.S. 1073 (1998).

We also reject Coleman's assertion that the summary judgment is based on the alternative ground that, even considering the expert's opinions, Coleman was nevertheless entitled to judgment on the basis that Hammond failed to offer any evidence that the

2

lantern was in substantially the same condition as when it left the manufacturer.  To the contrary, the court stated that, "[i]f that were the only deficiency in [Hammond's] proof", it would follow a decision by the Mississippi Supreme Court in which it "concluded that circumstantial evidence was sufficient for a jury ... to conclude that it was more probable than not that the [product] immediately prior to the accident was in substantially the same condition as when it left the hands of [the manufacturer]". *Hammond*, 61 F. Supp. 2d at 541-42 (internal quotation marks and citation omitted).

Pursuant to a very detailed and painstaking examination of the relevant materials, the district court concluded that the expert's methodology and the basis for his opinions did *not* satisfy the criteria of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), *Hammond*, 61 F. Supp. 2d at 537-42, and excluded his opinions because they "are too speculative to be admissible under Rule 702". *Id*. at 542.

Based on our review of the expert's reports and deposition, and the district court's opinion, *id*. at 537-42, it is apparent that the district court properly exercised its gatekeeping role under *Daubert* and *Kumho*.  Restated, the ruling was *not* manifestly erroneous.  Therefore, we find *no* abuse of discretion in the district court's exclusion of the expert's opinions.  And, because Hammond offered *no* other evidence to support his claim of a manufacturing defect, summary judgment was proper. *See Topalian v.*

3

*Ehrman*, 954 F.2d 1125, 1131 (5th Cir.) ("[T]he nonmovant must come forward with evidence establishing each of the challenged elements of its case for which the nonmovant will bear the burden of proof at trial."), *cert. denied*, 506 U.S. 825 (1992).

**AFFIRMED**