# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2009

Charles R. Fulbruge III
Clerk

No. 07-20606
Summary Calendar

NORA SOTO GUTIERREZ

Plaintiff-Appellant

v.

SUSAN EISNER HIATT; SYLVIA R GARCIA

Defendants-Appellees

_____

No. 07-20902
_____

NORA SOTO GUTIERREZ

Plaintiff-Appellant

v.

PATRICE BARRON

Defendant-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-171

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nora Soto Gutierrez appeals the dismissal for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), of her lawsuit under the Racketeer Influenced and Corrupt Organizations Act (RICO). We review the district court's dismissal de novo, accepting all of Gutierrez's allegations as true. See In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007); Gen. Elec. Capital Corp. v. Posey, 415 F.3d 391, 395 (5th Cir. 2005). Finding no error, we AFFIRM.

Gutierrez asserts that dismissal of her claims under Rule 12(b)(6) was error because she adequately pleaded a RICO violation. She further contends that the district court's dismissal orders are insufficient and deprived her of due process because they do not provide reasons for the granting of the defendants' motions. Gutierrez seeks remand for "a proper ruling" with a written opinion.

Gutierrez's argument that the district court's dismissal orders in the instant case were improper for lack of findings and conclusions is without merit. See Fed. R. Civ. P. 52(a)(3). Moreover, in stating that the defendants' Rule 12(b)(6) motions were "meritorious and well-taken," the district court accepted the grounds for dismissal advanced by the defendants and thus implicitly found that Gutierrez had failed to state a claim under RICO and that her claims were alternatively barred by res judicata. Such a statement provides this court with sufficient reasons to conduct effective review. Cf. McIncrow v. Harris County, 878 F.2d 835, 836 (5th Cir. 1989).

Applying de novo review and accepting all of Gutierrez's allegations as true, the district court did not err in its ruling. Gutierrez's complaints did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allege any RICO "enterprise." See In re Burzynski, 989 F.2d 733, 743 (5th Cir. 1993). Moreover, the complaints did not allege the requisite "pattern of racketeering activity" because Gutierrez did not plead two or more related acts of racketeering that either constituted or threatened continued criminal activity. See id. at 742. Thus, she failed to state a claim for a RICO violation. See id.

Moreover, the claims Gutierrez raised were complaints against the defendants for negligence and/or fraud arising out of her original wrongful-termination lawsuit. As such, the claims were barred by her prior unsuccessful state-court malpractice lawsuit against the same defendants. See Allen v. McCurry, 449 U.S. 90, 94 (1980).

Accordingly, the district court's dismissal of Gutierrez's claims under Rule 12(b)(6) was proper. Her allegation that the July 3, 2007, dismissal orders were not properly signed by the district court judge due to the proximity of the July 4 holiday is wholly speculative and finds no support in the record.

Gutierrez additionally argues that the district court erred in denying her Federal Rule of Civil Procedure 60(b)(1) motion because she demonstrated excusable neglect. She contends that the court's scheduling order provided her until July 21, 2007, to respond to the motions to dismiss and that the entry of a dismissal order prior to that date was improper. Contrary to Gutierrez's assertions, the district court did not abuse its discretion in denying Gutierrez's Rule 60(b)(1) motion because her misunderstanding of the applicable time limits does not give rise to the requisite excusable neglect. See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 353, 357 (5th Cir. 1993).

AFFIRMED.