# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10127

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2019

Lyle W. Cayce
Clerk

MICHAEL ALLEN BAKER,

      Plaintiff - Appellant

v.

TDCJ-CID; MAJOR DESSIE L. WARE; LORIE DAVIS, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL
INSTITUTIONS DIVISION,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:15-CV-202

Before KING, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

      Michael Allen Baker, Texas prisoner # 01654093, appeals the summary judgment dismissal of his claims against Dessie Ware, a former Major at Price Daniel Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDJC-CID); the TDCJ-CID; and Lorie Davis, the

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10127

director of the TDCJ-CID. We remand to the district court to provide sufficient reasons for its summary judgment.

I.

On March 17, 2015, Baker, proceeding *pro se* and *in forma pauperis*, filed a complaint alleging violations of his constitutional rights during his incarceration at the Price Daniel Unit of the Texas Department of Criminal Justice.[1] Baker asserts that prison officials failed to honor a slow eating pass, which was issued by the medical department due to his prior gastric bypass surgery, causing him physical harm and discomfort.

The district court granted the defendants' motion for summary judgment on Baker's claims that Ware was deliberately indifferent to his medical care in violation of the Eighth and Fourteenth Amendments and that the TDCJ-CID and Davis discriminated against him because of his disability in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Without clarification, the district court concluded that Baker "failed to provide competent summary judgment evidence sufficient to demonstrate that a genuine issue of material fact remains for trial," and granted summary judgment to defendants "for the reasons set forth in Defendants' Motion." Baker timely appealed.

On appeal Baker contends that the district court erred in granting the defendants' motion for summary judgment on his deliberate indifference, ADA, and RA claims. He argues that the district court resolved genuine issues of material fact on whether Ware interfered with his medically-issued slow eating pass or had a policy against slow eating passes, whether he is disabled by the

---

[1] Baker amended his complaint on January 11, 2016, adding allegations regarding his treatment at the Alfred Hughes Unit. The claims pertaining to the Hughes Unit were severed and transferred to the Western District of Texas. Baker filed a separate appeal of the summary dismissal of that case. *See Baker v. Armstrong*, No.18-50334 (5th Cir. filed Apr. 23, 2018).

No. 18-10127

limitations on his ability to eat, and whether he has been denied the benefits of eating because of his disability. Additionally, Baker contends that the district court abused its discretion by denying his motion for additional discovery.

## II.

We review a summary judgment de novo. *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). Summary judgment is appropriate where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "When deciding whether a fact issue exists, we review the evidence and the inferences drawn from it in the light most favorable to the nonmoving party." *Hernandez*, 522 F.3d at 560.

Discovery rulings are reviewed for abuse of discretion. *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 208 (5th Cir. 2018).

## III.

Federal Rule of Civil Procedure 56(a) provides that "[t]he court should state on the record the reasons for granting or denying the motion" for summary judgment. FED. R. CIV. P. 56(a). Even prior to the addition of this provision to Rule 56(a) in 2010, "we have many times emphasized the importance of a detailed discussion by the trial judge." *McIncrow v. Harris Cty.*, 878 F.2d 835, 835–36 (5th Cir. 1989). When we have no notion of the basis for the district court's decision, "there is little opportunity for effective review." *Id.* at 836. "In such cases, we have not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons." *Myers v. Gulf Oil Corp.*, 731 F.2d 281, 284 (5th Cir. 1984). A statement of reasons for granting summary judgment usually proves "not only helpful, but essential." *Id.*; *see also D'Onofrio,* 888 F.3d at 210 n.13 (noting that the district court erred by failing to state the reasons for granting summary judgment but reversing on other grounds).

No. 18-10127

Our review is constrained because the district court failed to articulate particular reasons or facts it relied on in granting summary judgment as to any of Baker's multiple claims and/or defendants' immunity defenses.[2] We decline to make these findings in the first instance. *See, e.g., Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015) (The trial court's "predicate findings of a substantial risk of serious harm and officials' deliberate indifference to the risk are factual findings reviewed for clear error."); *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 222 (5th Cir. 2011) (the ADA requires courts to make an individualized determination of whether an impairment constitutes a disability).

Because the district court gives no indication from which we can accurately predict its basis for granting summary judgment, we cannot adequately review its decision. *See Myers*, 731 F.2d at 284. Therefore, we retain jurisdiction over this case but make a limited remand to the district court for the sole purpose of providing, within ninety days after the entry of this remand, a statement of reasons for its grant of summary judgment.

REMANDED.

---

[2] Unsworn affidavits—which contain declarations that they are "true under penalty of perjury and dated"—as well as the factual allegations in a verified complaint are adequate summary judgment evidence. *See Stewart v. Guzman*, 555 F. App'x 425, 432 (5th Cir. 2014).