# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2024

Lyle W. Cayce
Clerk

———————

No. 23-40461
Summary Calendar

———————

Marin Lopez; Pedro Bermea; Trinidad Lopez; Arturo Menchaca; Eladio Bermudez; Javier Garcia; Robert Guerra; Luis Carlos Gonzalez; Epigmenio "TJ" Gonzalez; Juan Garcia, Jr.; Julio Eguia; Aaron Garcia,

*Plaintiffs—Appellees*,

*versus*

Eduardo Ramirez; Noe Castillo; Basilio D. Villareal, Jr.; Roel Gonzalez,

*Defendants—Appellants*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CV-33

———————————————————————

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Defendants-Appellants, four current or former members of the Rio Grande City Consolidated Independent School District school board (the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

"Board Members"), appeal a district court's order denying their motion to dismiss based on legislative or qualified immunity. In order to effectively review the district court's order, we VACATE and REMAND.

Twelve employees of the Rio Grande City Consolidated Independent School District sued the school district and Board Members under 42 U.S.C. § 1983, alleging retaliation for First Amendment activities. After Plaintiffs amended their complaint twice, Defendants moved to dismiss the operative complaint under Federal Rule of Civil Procedure 12(b)(6), asserting legislative immunity or, in the alternative, qualified immunity. The district court summarily denied Defendants' motion without prejudice in a minute-entry order. The Board Members filed an interlocutory appeal to this Court.

In 2022, this Court vacated the district court's order and remanded the case "to allow the district court to reassess Board Members' motion on a plaintiff-by-plaintiff, defendant-by-defendant basis and assign reasons for its subsequent decision."[1] The Court specifically explained that because the district court provided no analysis of its decision, it was "not sufficiently reasoned for this court to review on appeal."[2]

On remand, the district court granted Plaintiffs' motion to file a third amended complaint. Once again, Defendants moved to dismiss under Rule 12(b)(6) on the same grounds of legislative or qualified immunity. On July 27, 2023, in almost an identically worded minute-entry order, the district court again denied Defendants' motion to dismiss without any explanation of its reasoning. The Board Members timely filed this interlocutory appeal.

---

[1] *Lopez v. Ramirez*, No. 21-40235, 2022 WL 3230442, at *2 (5th Cir. Aug. 10, 2022) (per curiam) (unpublished).

[2] *Id.* at *1 (citations omitted).

No. 23-40461

"Under the collateral order doctrine, we have jurisdiction to review orders denying qualified immunity."[3] As we noted in our prior opinion, "'to overcome [an] immunity [defense],' a plaintiff 'must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged *and* that defeat [the] immunity defense with equal specificity."[4] Relatedly, in analyzing a qualified immunity defense, courts must "examine each officer's actions independently to determine whether he is entitled to qualified immunity."[5] Accordingly, a district court errs by failing to consider each officer's assertion of qualified immunity individually and by instead considering the officers' actions together.[6]

Here, for the second time, the district court not only provided no individualized analysis as to each officer's entitlement to either legislative or qualified immunity, it provided no analysis period. The district court's lack of any explanation about the basis for its denial of Defendants' motion to dismiss precludes effective appellate review in this case.[7] This is particularly

---

[3] *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (citations omitted), *cert. denied*, 144 S. Ct. 73 (2023) (mem).

[4] *Lopez*, 2022 WL 3230442, at *1 (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).

[5] *Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022) (citing *Meadours v. Ermel*, 483 F.3d 417, 421–22 (5th Cir. 2007)).

[6] *See Meadours*, 483 F.3d at 421–22 ("The district court erred in considering the officers' actions together, and we instruct the court to consider the officers['] actions separately on remand.").

[7] *See McIncrow v. Harris Cnty.*, 878 F.2d 835, 836 (5th Cir. 1989) (emphasizing that a district court's failure to provide reasons in granting a motion for summary judgment provides "little opportunity for effective review"); *Davis v. Bayless*, 70 F.3d 367, 376 (5th Cir. 1995) ("While rule 12 does not require that the district court enter findings of fact or conclusions of law when deciding a motion to dismiss, we have required that the district court explain its reasons in sufficient detail to allow this Court to determine whether the district court correctly applied the proper legal rule." (citation omitted)).

true given the number of parties and the need for an individualized analysis as to each officer's entitlement to immunity. In these situations, this Court has "not hesitated to remand the case for an illumination of the court's analysis through some formal or informal statement of reasons."[8]

Accordingly, we VACATE the district court's order denying Defendants' motion to dismiss, and REMAND the case to permit the district court to evaluate Defendants' motion to dismiss on a plaintiff-by-plaintiff, defendant-by-defendant basis, and to provide reasons for its judgment.

---

[8] *See Liberty Mut. Ins. Co. v. Brown*, 86 F. App'x 718, 719 (5th Cir. 2004) (per curiam) (unpublished) (remanding to the district court for a second time after the district court twice granted summary judgment without providing any explanation for its orders (citation omitted)); *Baker v. TDCJ-CID*, 774 F. App'x 198, 199–200 (5th Cir. 2019) (per curiam) (unpublished) (remanding a case to district court because the court failed to provide reasons for granting summary judgment in a case involving multiple claims and immunity defenses). Unpublished opinions issued on or after January 1, 1996, are not binding precedent, but they may be persuasive authority. *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006); 5TH CIR. R. 47.5.4.