# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2024

Lyle W. Cayce
Clerk

No. 23-20358

_____

Rudy Carmona,

*Plaintiff—Appellant*,

*versus*

Kilgore Industries,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-1473

_____

Before Jones, Clement, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Rudy Carmona sued Kilgore Industries (Kilgore) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e17, and the Texas Commission on Human Rights Act (TCHRA), Tex. Lab. Code Ann. §§ 21.001–21.556, alleging that Kilgore discriminated against him by failing to pay his bonuses and by firing him. The district court granted summary judgment on both claims. Because the district court failed to provide its

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

reasoning for dismissing Carmona's claim based on Kilgore's failure to pay his bonuses, we vacate the district court's judgment as to that claim and remand for further proceedings. We otherwise affirm.

## I.

Kilgore is a mechanical, electrical, and plumbing contractor that provides repairs and other services to its clients. Carmona, a Hispanic man, started working for Kilgore as a service salesman in 2013.[1] Kilgore paid Carmona a base salary, as well as non-discretionary commission bonuses for his sales each month. According to Carmona, Kilgore regularly delayed payment of his bonuses while his white co-workers timely received theirs. Carmona also complained that it was "unfair" that his sales quotas increased each year while his non-Hispanic co-workers' quotas did not.

In October 2020, Kilgore fired Carmona after it learned that he was operating a competing business and had provided a quote to a Kilgore client that was ten percent less than the Kilgore quote. A month later, Carmona's supervisor contacted Carmona, stating that the supervisor had submitted a sales report to Kilgore's owners regarding Carmona's bonus calculations for October. However, Carmona never received bonuses for September 2020 or October 2020, which totaled roughly $160,000.

Carmona filed suit in May 2021, alleging race discrimination under Title VII and TCHRA.[2] Specifically, Carmona alleged that his supervisor

---

[1] We review a district court's grant of summary judgment *de novo*. *White Glove Staffing, Inc. v. Methodist Hosps. of Dall.*, 947 F.3d 301, 304 (5th Cir. 2020). Accordingly, we construe all facts and draw all reasonable inferences in favor of Carmona. *See id.*

[2] Carmona also filed a hostile work environment claim under Title VII, a disability discrimination claim under the American with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101–12213, a claim for unpaid wages under the Texas Payday Act, Tex. Lab. Code Ann. §§ 61.011–61.020, and a common law negligence claim. The district court granted summary judgment in Kilgore's favor as to the hostile work environment, ADA, and

"would routinely discriminate against [him] because of his race . . . . [by] delay[ing] the accounting on [Carmona's] sales reports," while "[t]he other salesmen, who were mostly Caucasian, received their sales reports and any bonuses they were owed[] in a timely manner." Carmona further asserted that he "constantly argue[d] with his boss to make sure he was paid fully and on time, yet the Caucasian salespersons did not have to do so." Carmona also averred that Thanm Han, a "half white and half Vietnamese" employee, had started a business and given quotes to Kilgore customers while employed by Kilgore but "was allowed to remain employed by Kilgore because he was a Caucasian and not [ ] Hispanic." Finally, Carmona detailed the e-mail from his supervisor about his bonuses and alleged that he was owed "approximately $100,000" in commissions. Based on those allegations, Carmona contended he was "subjected to adverse employment actions, namely, discriminated against in connection with the compensation, terms, conditions, and privileges of employment" in violation of Title VII and TCHRA.

After discovery, Kilgore moved for summary judgment. It argued that it had a legitimate, non-discriminatory reason for firing Carmona, namely his competing business. However, Kilgore's opening brief did not even mention Carmona's allegation that Kilgore regularly delayed payment of his commission bonuses, much less offer a legitimate, non-discriminatory reason for doing so. Conversely, Carmona's response focused entirely on Kilgore's failure to pay his bonuses timely, specifically the September 2020 and

_____

negligence claims. It declined thereafter to exercise supplemental jurisdiction over the remaining state law claim under the Texas Payday Act. Carmona does not challenge those findings on appeal. Accordingly, we affirm the district court as to those issues. *See Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 722 (5th Cir. 2010) ("Issues not briefed on appeal are waived."). On remand, the district court may determine whether to re-assert supplemental jurisdiction over the Texas Payday Act claim. *See* 28 U.S.C. § 1367(c).

October 2020 bonuses. Carmona emphasized throughout his response that "the withholding of his bonus checks—not his termination" was the adverse employment action about which he was complaining. In its reply, Kilgore accused Carmona of alleging "for the first time ever in this case" that Kilgore's failure to pay his bonuses constituted an adverse employment action.

The district court granted Kilgore's motion for summary judgment. As to Carmona's Title VII and TCHRA claims, the order focused almost exclusively on Carmona's allegation that he was unlawfully terminated. It found that Carmona established a prima facie case of discrimination by alleging that "Kilgore fired him for engaging in activities that a non-Hispanic employee was allowed to engage in, which resulted in Carmona not being paid non-discretionary commissions for his last two months of employment." It then found that Kilgore rebutted Carmona's prima facie case by articulating a legitimate, nondiscriminatory reason for firing him: Carmona's competing business. Finally, the district court concluded that Carmona failed to establish pretext because his only evidence that Thanm was allowed to operate a competing business was that Thanm had told Carmona such a business existed and that he had seen "pictures and quotes" from Thanm's company, which was inadmissible hearsay.

In a footnote, the district court acknowledged Carmona's allegation that Kilgore also discriminated against him by failing to pay his bonuses. But the court summarily held that "[t]he summary judgment evidence provides no support for this allegation," without any further explanation. Carmona timely filed this appeal.

## II.

"We review grants of summary judgment *de novo*, applying the same standard as the district court." *In re La. Crawfish Producers*, 852 F.3d 456,

4

462 (5th Cir. 2017) (citing *Templet v. Hydrochem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)). "[A] court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "We may affirm a grant of summary judgment 'based on any rationale presented to the district court for consideration and supported by facts uncontroverted in the summary judgment record.'" *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 887 (5th Cir. 2002)).

At the summary judgment stage, we apply the *McDonnell Douglas* burden shifting framework to Carmona's claims. *See Harris v. FedEx Corp. Servs., Inc.*, 92 F.4th 286, 297 (5th Cir. 2024) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800–06 (1973)).[3] Under that framework, the plaintiff must first establish a prima facie case of discrimination. *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 406 (5th Cir. 2021). If the plaintiff succeeds, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action. *Id.* This burden is not heavy; it "is one of production, not persuasion." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). Nevertheless, the defendant must at least offer some "admissible evidence sufficient for the trier of fact to conclude that [the] petitioner was fired because of [the legitimate, nondiscriminatory reason]." *Id.* Finally, if the defendant has

---

[3] "We apply the same analysis to Title VII and TCHRA claims." *Horvath v. City of Leander*, 946 F.3d 787, 791 n.3 (5th Cir. 2020); *see also Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321 (5th Cir. 2021) (noting that "[t]he Supreme Court of Texas has instructed Texas courts to . . . follow the approach of the United States Supreme Court in interpreting Title VII when reviewing TCHRA claims"). Accordingly, we do not distinguish between Carmona's Title VII and TCHRA claims for the purposes of our analysis.

satisfied its burden, the plaintiff must then show that the proffered reason is mere pretext. *Johnson*, 7 F.4th at 406.

## III.

Carmona asserts the district court erred in granting summary judgment for two distinct reasons: (A) Kilgore failed to provide a legitimate, nondiscriminatory reason for its failure to pay Carmona his bonuses; and (B) Kilgore failed to meet its burden of production in articulating a legitimate, nondiscriminatory reason for Carmona's termination, because Kilgore did not submit any admissible evidence to support its reasoning. We address each in turn.

## A.

Carmona is correct that Kilgore failed to articulate a legitimate, nondiscriminatory reason for its failure to pay Carmona his bonuses in its summary judgment motion or briefing in the district court.[4] Instead, Kilgore argued, as it does on appeal, that the only adverse employment action Carmona alleged in his complaint was his termination. And by adding Kilgore's failure to pay bonuses as another adverse employment action for the first time in opposing summary judgment, Carmona sought to "avoid the Federal Rules of Civil Procedure by implicitly attempting to amend the pleadings."

But Kilgore's characterization of Carmona's complaint is inaccurate. True, Carmona alleged that he was terminated while Thanm was not. But he also alleged that (1) Kilgore "would routinely discriminate against [him]

---

[4] The district court found that Carmona had established a prima facie case of discrimination regarding his termination. Kilgore does not challenge that finding on appeal. Neither Kilgore nor the district court addressed whether Carmona stated a prima facie case of discrimination based on Kilgore's failure to pay his bonuses.

because of his race" by delaying his bonuses; (2) he "constantly argue[d] with his boss to make sure he was paid fully and on time, yet the Caucasian salespersons did not have to do so"; and (3) Kilgore failed to pay him approximately $100,000 in bonus commissions after his termination. Based on those allegations, Carmona asserted he was "subjected to adverse employment *actions*, namely, discriminated against in connection with the *compensation*, terms, conditions, and privileges of employment." (emphases added). Thus, it is clear from Carmona's complaint that he was alleging discrimination based on both his termination *and* Kilgore's failure to pay bonuses.

Kilgore argues that, even if he asserted such a claim, "Carmona's allegations on unpaid commissions/bonus as [an] adverse employment action would still prove to be non-consequential in the outcome of his racial discrimination claim" because "the only specific allegations of owed commissions that Carmona makes are ones of alleged commissions unpaid after his termination from Kilgore." While that argument might prove fatal to Carmona's prima facie case or constitute a legitimate, nondiscriminatory reason for Kilgore to withhold Carmona's pending bonuses, we decline to entertain it for the first time on appeal. *See Chevron USA, Inc. v. Aker Mar. Inc.*, 689 F.3d 497, 503 (5th Cir. 2012) ("Arguments not raised in district court will not be considered absent extraordinary circumstances." (quotation marks and citation omitted)).

As for the district court's cursory holding, relegated to a two-sentence footnote, that there was no evidence to support Carmona's allegation that Kilgore discriminated against him by failing to pay his bonuses, "we have many times emphasized the importance of a detailed discussion by the trial judge" when granting summary judgment. *McIncrow v. Harris County*, 878 F.2d 835, 835–36 (5th Cir. 1989) (quotation marks and citation omitted); *see also* FED. R. CIV. P. 56(a) ("The court should state on the record the

reasons for granting or denying the motion [for summary judgment].").
When a district court's "reasoning is vague or simply left unsaid, there is
little opportunity for effective review." *McIncrow*, 878 F.2d at 836 (quoting
*Myers v. Gulf Oil Corp.*, 731 F.2d 281, 284 (5th Cir. 1984)). That is the case
here. The district court did not discuss the *McDonnell Douglas* framework at
all in dismissing Carmona's claim based on Kilgore's failure to pay bonuses.
Consequently, we cannot determine at which stage of the analysis the district
court thought Carmona's claim failed. Accordingly, it is best to remand this
issue for further "illumination of the court's analysis." *See id.* (quoting
*Myers*, 731 F.2d at 284).

## B.

Carmona also contends that summary judgment is improper as to his
unlawful termination claim because Kilgore did not submit any admissible
evidence to support its legitimate, nondiscriminatory reason for Carmona's
termination. We disagree.[5]

Kilgore's evidence showing that it fired Carmona because he was
operating a competing business is sparse, but it is not nonexistent. In support
of its motion for summary judgment, Kilgore offered the competing quote

---

[5] As noted, Carmona emphasized in opposing summary judgment that "the
withholding of his bonus checks" was the adverse employment action about which he was
complaining, "not his termination." *See supra* Part I. Normally, such statements might
constitute a waiver of Carmona's unlawful termination claim. *See Rollins v. Home Depot
USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("[W]aiver is the intentional relinquishment or
abandonment of a known right." (quotation marks and citation omitted)). However, the
normal rule is muddled in this case because the district court analyzed Carmona's claims
primarily as arising from his termination and only cursorily addressed his allegations
regarding his bonuses. Regardless, we need not determine whether Carmona waived his
unlawful termination claim because summary judgment is still appropriate for the reasons
stated *infra*. *See Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 519 n.5 (5th Cir. 2010) ("[A]n
argument is not waived on appeal if the argument on the issue before the district court was
sufficient to permit the district court to rule on it." (quotation marks and citation omitted)).

from Carmona's business and deposition testimony from Carmona that he opened his business while working at Kilgore without informing Kilgore.[6] Moreover, in response to Kilgore's motion, Carmona attached excerpts from his deposition in which he acknowledged that he engaged in these actions and that Kilgore fired him only after it confronted him about the competing quote. Collectively, this evidence is sufficient to satisfy Kilgore's burden of production at the second stage of the *McDonnell Douglas* analysis. And because Carmona did not even attempt to show that Kilgore's proffered reason for firing him was pretextual, the district court did not err in granting summary judgment in Kilgore's favor as to that claim.

## IV.

For the foregoing reasons, we VACATE the district court's order granting Kilgore summary judgment as to Carmona's Title VII and TCHRA claims based on Kilgore's alleged failure to pay Carmona's bonuses and REMAND for further proceedings.[7] We otherwise AFFIRM the summary judgment for Kilgore entered by the district court.

AFFIRMED in part; VACATED in part; REMANDED.

---

[6] Kilgore also attached as exhibits excerpts from its employee handbook and Carmona's signed acknowledgment that he had read the handbook. But in an apparent misstep, the handbook excerpts quoted in Kilgore's motion concerning outside employment and conflicts of interest were not the pages included in the record. Regardless, Kilgore's legitimate, nondiscriminatory reason stands even without proof that Carmona's competing business violated Kilgore's internal policies. There is no requirement that a defendant prove that its reason for firing a plaintiff aligns with company policy. *See Schoenfeld v. Babbitt*, 168 F.3d 1257, 1269 (11th Cir. 1999) ("The reason offered by an employer for an action does not have to be a reason that the judge or jurors would act on or approve." (quotation marks and citation omitted)). Rather, "all that matters is that the employer advance an explanation for its action that is not discriminatory in nature." *Id.*

[7] We make no forecast on the merits of Carmona's claims based on unpaid bonuses.